UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

BRANDY ROSE JONES                                                    PLAINTIFF

V.                              CIVIL ACTION NO. 3:26-CV-162-KHJ-MTP

JACKSON PUBLIC SCHOOL                                               DEFENDANT
DISTRICT

ORDER

This matter is before the Court on pro se Plaintiff Brandy Rose Jones's

("Jones") [2, 4, 6, 7] Motions for Leave to Proceed in forma pauperis ("IFP") and

United States Magistrate Judge Michael T. Parker's [5] Report and

Recommendation. For the following reasons, the Court adopts the [5] Report, denies

the [2, 4, 7] Motions, and finds as moot the [6] Motion.

   I.    Background

Jones sued the Jackson Public School District—her former employer—for

violating the Family and Medical Leave Act. Compl. [1] at 1. She also moved for

leave to proceed IFP. 03/11/2026 IFP Mot. [2]. Because Jones's [2] Motion contained

multiple errors, the Court ordered Jones to submit another application. Order [3].

She complied. 03/30/2026 IFP Mot. [4].

On April 1, 2026, Magistrate Judge Parker issued the [5] Report

recommending that the Court deny Jones's [2, 4] Motions. R. & R. [5] at 3. Jones

has not objected to the [5] Report. She has, however, filed two more IFP applications. 04/15/2026 IFP Mot. [6]; 04/15/2026 Am. IFP Mot. [7].[1]

II.    Analysis

The Court first considers the [5] Report. Then it addresses Jones's [7] Motion.

A.  [5] Report and Recommendation

The [5] Report concludes that Jones's financial status "should allow her to pay the filing fee in order to commence this action without undue hardship if given a reasonable amount of time to tender the requisite amount." [5] at 3. Accordingly, the [5] Report recommends (1) denying Jones IFP status, (2) giving her 60 days to pay all costs associated with the filing of this lawsuit, and (3) dismissing this action without prejudice and without further notice if she fails to timely pay those costs. *Id.*

The [5] Report notified Jones that failure to file written objections within 14 days would bar further appeal in accordance with 28 U.S.C. § 636. *Id.* Jones did not object to the [5] Report, and the time to do so has passed.

When no party objects to a magistrate judge's report, the Court need not review it de novo. *See* 28 U.S.C. § 636(b)(1). Instead, the Court can apply the clearly erroneous, abuse-of-discretion, and contrary-to-law standards of review. *See United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989).

---

[1] Because the [7] Motion superseded the [6] Motion, the Court finds as moot the [6] Motion.

The Court finds that the [5] Report is not clearly erroneous, an abuse of discretion, or contrary to law. So the Court adopts the [5] Report as its opinion and denies Jones's [2, 4] Motions.

B. Jones's [7] Motion

Next the Court considers Jones's [7] Motion. Jones frames her finances differently than in her [4] Motion, but the substance is the same. And she still does not qualify for IFP status.

In her [4] Motion—the one the Court denied above—Jones stated that in March 2026 she received $8,988.09 in "income tax" and $8,829.72 as an "emergency withdraw" from "Retirement." [4] at 2. She also received $1,080.00 in unspecified gifts, $485.00 in child support, and $1,650.00 in "food stamps." *Id.* at 1–2. Based on this information, the [5] Report concluded that Jones had more than enough income to cover her monthly expenses for several months and that it would not be an undue hardship for her to pay the filing fee here. [5] at 2–3.

Now Jones paints a slightly different picture of her finances. *See* [7]. She still receives child support and public assistance. *Id.* at 1–2. And she still admits having received the sizeable "income tax" and "emergency" retirement income that she disclosed in her [4] Application. *Id.* at 2. But now, rather than presenting the income-tax and emergency-retirement income as a lump-sum amount, she divides it by twelve and presents it as monthly income. *Id.* at 2. But Jones's repackaged financial picture does not warrant IFP status.

Jones's latest application—her fourth attempt at IFP status—is difficult to decipher. Her calculations are confusing, and the application is riddled with mark-throughs and corrections. What is clear though is that Jones received more than $20,000 in income in March 2026. She also receives ongoing child support and public assistance. *Id.* at 1–2. And she says she will return to work in July 2026. *Id.* at 5. Comparing Jones's income and her impending employment against her monthly expenses, the Court finds that Jones can pay the filing fee and costs without undue hardship if given a reasonable amount of time to do so.

III.    Conclusion

For the stated reasons, the Court ADOPTS the [5] Report, DENIES Jones's [2, 4, 7] Motions, and finds as MOOT the [6] Motion. The Court ORDERS Jones to pay the filing fee within 60 days of the entry of this Order. She may pay the filing fee to the Clerk of Court, United States District Court, 501 East Court Street, Suite 2.500, Jackson, Mississippi 39201. She must specify that the payment is for the filing fee in this case, No. 3:26-CV-162-KHJ-MTP. The Court may dismiss the case without further notice if the Clerk of Court does not receive the filing fee within 60 days.

The Court has liberally construed the pleadings and considered all arguments. Those it does not address would not have changed the outcome.

SO ORDERED, this 24th day of April, 2026.

s/ *Kristi H. Johnson*
UNITED STATES DISTRICT JUDGE

4